UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
09-40027-FDS

UNITED STATES OF AMERICA

v.

WILLIAM SCOTT DION, CATHERINE FLOYD,
CHARLES ADAMS, GAIL THORICK, MYRON THORICK,
GARY ALCOCK and KENNETH SCOTT ALCOCK

### REPORT AND RECOMMENDATION ON MOTION FOR FUNDS

April 9, 2010

DEIN, M.J.

This case involves a 20-count indictment for conspiracy in violation of 18 U.S.C. § 371, tax evasion in violation of 26 U.S.C. § 7201, filing false tax returns in violation of 26 U.S.C. § 7206(1), obstructing the IRS in violation 26 U.S.C. § 7212(a), and willful failure to file tax returns in violation of 26 U.S.C. § 7203.  There are seven defendants, five of whom have court-appointed counsel.  Gary Alcock has retained his own counsel.  Charles William Adams has refused to file a financial affidavit and request court-appointed counsel, or to retain his own counsel, so he is appearing pro se.

On January 11, 2010, the court adopted this court's Report and Recommendation and allowed the defendants' "Motion for Funds for Scanning of Discovery Documents," by which the defendants sought $27,913.00 to scan approximately 285,000 documents into searchable PDF files and then to load those documents onto a hard drive, with the costs to be divided among the five defendants

with court-appointed counsel: William Scott Dion, Catherine Floyd, Gail Thorick, Myron Thorick and Kenneth Scott Alcock.  (Docket No. 68).  This matter is presently before the court on the motion, filed on behalf of the defendant Catherine Floyd,[1] for additional funds for scanning of discovery documents.  (Docket No. 97).  By this motion, the defendants are requesting additional funds in the amount of $4,450.00 to Bates number 285,000 pages of documents (at one cent per page) and to provide hard drives with all the documents thereon to each of the defendants with court-appointed counsel ($100.00 for duplication of the documents onto the hard drive and $300.00 for the actual hard drive per defendant).[2]

After hearing, this court recommends that the motion be allowed, subject to the proviso that the defendants confirm that the funds previously authorized were insufficient to pay for the copying of the hard drives and providing such hard drives to each defendant with court-appointed counsel.[3]  This court further recommends that the requested costs ($4,450.00) be shared among the five defendants with court-appointed counsel.  This court finds that the parties have been working diligently to have the volumes of materials put into a usable form.  The additional funds are necessary so that the documents can be numbered and thereby located and identified.  The

---

[1] This court appointed Ms. Floyd's counsel as lead defense counsel on the most efficient way to review/copy the voluminous documents in this case.

[2] Ms. Floyd will have the original and the other four defendants will be provided with duplicate hard drives.

[3] By their prior motion, the defendants indicated that they had planned on using the initial award for copying the hard drive and providing copies to the defendants with court-appointed counsel.  It appears that the original award was not sufficient.  Defendants with private counsel will pay for their own copy of the hard drive.

defendants are using a company, acceptable to the government, that submitted the lowest bid, and the defendants are using their efforts to keep the costs of this process as low as possible.

Therefore, this court recommends to the District Judge to whom this case is assigned that the Amended Motion for Additional Funds (Docket No. 97) be ALLOWED, as provided for herein.

/ s / Judith Gail Dein
JUDITH GAIL DEIN
United States Magistrate Judge